# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DIVISION OF TEXAS
## BEAUMONT DIVISION

---

No. 1:89-CR-151

---

United States of America

v.

Ray Edward Livingston                         Defendant

---

### Report and Recommendation Re: Petition for Warrant
### or Summons for Offender Under Supervision

---

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed September 27, 2006 alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States magistrate judge.

## I.  The Original Conviction and Sentence

Defendant was sentenced on February 27, 1990, before The Honorable Joe J. Fisher, U.S. District Judge of the Eastern District of Texas, after pleading

guilty to the offense of convicted felon in possession of and affecting commerce, a firearm and ammunition, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 8 and a criminal history category of VI, was 18 to 24 months. However, by statute, a minimum sentence of 15 years is required. Therefore, the guideline range becomes 180 months. Defendant was subsequently sentenced to 180 months imprisonment followed by five years supervised release subject to the standard conditions of release, plus special conditions to include defendant shall not possess a firearm or any other dangerous weapon; drug aftercare; and a $50 special assessment.

## II. The Period of Supervision

On October 15, 2003, defendant completed his period of imprisonment and began service of the supervision term. Defendant's case was later reassigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas, on July 2, 2003.

On January 22, 2004, the conditions of supervised release were modified to include any combination of psychiatric, psychological, or mental health treatment as directed by a treatment provider. On June 24, 2004, the conditions of supervised release were modified to include residence and participation in the community corrections component of a Community Corrections Center until successfully discharged by the center director, but no longer than 180 days after admission; compliance with rules and associated costs. On May 17, 2005, conditions of supervised release were modified to include placement on home detention for a period not to exceed 90 days and associated costs.

### III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on September 26, 2006. The petition alleges that defendant violated the following conditions of release:

Mandatory Condition:  Defendant shall not commit another federal, state, or local crime.

Special Condition:  Defendant shall not possess a firearm or any other dangerous weapon.

As grounds, the petition alleges that defendant violated terms of supervision by burglarizing a residence between the dates of August 1, 2006 and September 5, 2006 in Bridge City, Texas. The petition also alleges that items stolen include firearms, specifically a shotgun and rifle.

### IV. Proceedings

On October 7, 2008, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "not true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from committing another federal, state, or local crime and that he violated a special condition in failing to refrain from possessing a firearm or any other dangerous weapon.

The Court heard the sworn testimony of Derrick Robinson, a U.S. Probation Officer. Mr. Robinson was defendant's supervision officer when defendant was arrested by Bridge City Police Department for a burglary of a habitation which occurred on or prior to September 5, 2006. Mr. Robinson testified that the stolen property included a rifle and a shotgun. Further, the Government tendered to the court Government's Exhibit 2, which was admitted, demonstrating defendant subsequently was convicted by a jury, in August of 2007, in the District Court in Orange County, Texas, of two counts of burglary of a habitation. Defendant received one term of Life and another sentence of 45 years, which he is now serving concurrently. Defendant committed these offenses while he was on supervised release.

## V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is five years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by committing another federal, state, or local crime, defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in defendant's case of revocation of supervised release based on a Grade A violation and a criminal history category of VI, the

guideline imprisonment range is 51 to 63 months. Since the mandatory revocation sentence is five years, the guideline imprisonment range is 51 to 60 months.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that defendant violated conditions of supervision by being found in possession of firearms, defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the guideline imprisonment range is 21 to 27 months.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively as to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553 (a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553(a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) in departing from the policy statement.

**Findings:**

The court finds by a preponderance of evidence that defendant violated the mandatory condition of refraining from committing a federal, state, or local crime, by being convicted of burglary of a habitation. The court also finds by a preponderance of evidence that defendant violated the special condition of refraining from possessing a firearm or any other dangerous weapon. Based upon testimony and evidence received and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition.

**Conclusion and Justification:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by committing burglary of a habitation and by possessing firearms. As such, incarceration

appropriately addresses defendant's violation. However, since defendant is already serving a life sentence which must be discharged before he can serve his federal revocation sentence, there is a compelling reason to sentence him at the low range for a Grade B violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by committing a state crime in the manner alleged in the petition.

2. The court should find that defendant violated a special condition of supervised release, by possessing firearms or other dangerous weapon, in the manner alleged in the petition.

3. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

4. Defendant should be sentenced to a term of imprisonment of twenty-one (21) months, with no term of supervised release to follow.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __9__ day of October, 2008.

_____
Earl S. Hines
United States Magistrate Judge